**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **A.R.-1, A.R.-2, and E.R.**

**No. 22-0083** (Lewis County 21-JA-46, 21-JA-47, and 21-JA-48)


**MEMORANDUM DECISION**


Petitioner Father C.R., by counsel G. Phillip Davis, appeals the Circuit Court of Lewis County's January 12, 2022, order terminating his parental rights to A.R.-1, A.R.-2, and E.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Brian W. Bailey, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period and in not allowing him to be physically present for the dispositional hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a child abuse and neglect petition against petitioner based upon domestic violence. Specifically, the DHHR alleged that petitioner jumped on the hood of a car in which the mother and the three children were seated. Petitioner had a large knife and began trying to stab the mother through the windshield of the car. The mother began driving the car and petitioner continued to try to stab her through the windshield and driver's window until she rounded a curve in the road, causing petitioner to fall off. Petitioner fled into the woods with the knife but was later arrested and charged with child abuse creating risk of injury. A Child Protective

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Services ("CPS") worker spoke to the mother, who described the incident and further reported that petitioner's behavior had been extremely erratic in the weeks leading up to the incident.

At an adjudicatory hearing held in June of 2021, petitioner stipulated to abusing and neglecting the children. Specifically, petitioner admitted that he had been arrested and charged with child abuse creating a risk of injury and that he was currently incarcerated on that charge. Petitioner further admitted that he had anger issues and a substance abuse problem which adversely impacted his ability to properly parent the children. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent.

Prior to the dispositional hearing, petitioner's counsel filed a motion requesting that petitioner be transported to the dispositional hearing from his place of incarceration, and the circuit court denied the motion based on the COVID-19 pandemic. In December of 2021, the circuit court held a dispositional hearing. Petitioner appeared via video conference from his place of incarceration, and his counsel objected to the circuit court's prior denial of his motion to transport petitioner to the hearing. The DHHR presented the testimony of a CPS worker, who testified that petitioner had not contacted her during the proceedings and recommended that his parental rights be terminated. A second CPS worker also testified that petitioner had not contacted her during the proceedings. She further indicated that there were no services that could be offered at that time due to his incarceration.

Petitioner testified that his related criminal case was still pending and that his trial was scheduled for February or March of 2022. Petitioner admitted that he would likely be unable to participate in an improvement period while incarcerated, stating "I'm going to be incarcerated for a while; so it's not like I can have anything to do with my kids in here." Petitioner indicated that multiple motions for reduction of bond had been filed in his criminal matter and that all motions had been denied thus far. Petitioner stated that he sought to be released from incarceration so that he could participate in an improvement period or, alternatively, would participate in any services offered by his place of incarceration. Petitioner testified that he had already begun participating in an anger and stress management class, parenting classes, and victim awareness classes.

By order entered on January 12, 2022, the circuit court denied petitioner's request for a post-adjudicatory improvement period and terminated his parental rights. In so doing, the circuit court considered testimony taken at the mother's dispositional hearing which demonstrated that petitioner and the mother had been the subject of two prior child abuse and neglect proceedings. The circuit court also considered the testimony of petitioner's family members at the mother's hearing that they had witnessed domestic violence between petitioner and the mother, including the incident leading to the petition's filing wherein petitioner attempted to stab the mother through the windshield of her vehicle while the children were inside. The circuit court noted petitioner's testimony that he remained incarcerated awaiting trial and that he was unable to participate in an improvement period at that time. Based on the foregoing, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near

2

future and that termination was necessary for the children's welfare. Petitioner appeals the circuit court's January 12, 2022, dispositional order terminating his parental rights.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. According to petitioner, he "has not committed murder or the serious injury of a sibling" such that he is ineligible for an improvement period. Petitioner avers that he stated his willingness to participate in remedial services and notes that he participated in all hearings and evaluations despite his incarceration. According to petitioner, he demonstrated that he was likely to participate in an improvement period and should have been granted the same. We disagree.

The decision to grant or deny an improvement period rests within the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements[.]"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

We find that petitioner failed to demonstrate that he was likely to fully participate in an improvement period. While petitioner testified that he would comply with an improvement period

---

[2]The mother's parental rights were also terminated during the proceedings below. The children were placed with an aunt and uncle, and the permanency plan for the children is adoption in that home.

and had begun taking classes in his correctional facility, his continued incarceration created a barrier to his ability to meaningfully participate in an improvement period. Indeed, petitioner testified that he was unable to participate in any services not offered through his place of incarceration and that he could not interact with his children while incarcerated. Moreover, petitioner's release was not guaranteed. Petitioner's requests for bond reduction had repeatedly been denied and his trial was scheduled to occur three to four months after the dispositional hearing. Further, if convicted, petitioner faced a prison sentence. We have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4 (citation omitted). Based on the foregoing, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period.

Petitioner next argues that the circuit court erred in denying his request to be physically present for the dispositional hearing. Petitioner acknowledges that "an incarcerated parent's right to a meaningful hearing is not accompanied by an automatic or absolute right to be physically present at termination proceedings." *State ex rel. Jeanette H. v. Pancake*, 207 W. Va. 154, 162, 529 S.E.2d 865, 873 (2000). However, petitioner points out that this Court has set forth several factors for consideration in granting or denying an incarcerated parent's request to be physically present:

> In exercising its discretion to decide whether to permit an incarcerated parent to attend a dispositional hearing addressing the possible termination of his or her parental rights, regardless of the location of the institution wherein the parent is confined, the circuit court should balance the following factors: (1) the delay resulting from parental attendance; (2) the need for an early determination of the matter; (3) the elapsed time during which the proceeding has been pending before the circuit court; (4) the best interests of the child(ren) in reference to the parent's physical attendance at the termination hearing; (5) the reasonable availability of the parent's testimony through a means other than his or her attendance at the hearing; (6) the interests of the incarcerated parent in presenting his or her testimony in person rather than by alternate means; (7) the affect of the parent's presence and personal participation in the proceedings upon the probability of his or her ultimate success on the merits; (8) the cost and inconvenience of transporting a parent from his or her place of incarceration to the courtroom; (9) any potential danger or security risk which may accompany the incarcerated parent's transportation to or presence at the proceedings; (10) the inconvenience or detriment to parties or witnesses; and (11) any other relevant factors.

*Id.* at 158, 529 S.E.2d at 869, Syl. Pt. 11. According to petitioner, "none of the factors articulated in the *Pancake* case would apply." Petitioner contends that the circuit court should have granted his request to be physically present so as to afford him "a meaningful hearing with the ability to present evidence to defend against the termination of his parental rights." Although petitioner participated via video conference, he claims that "it is often difficult for the incarcerated to see and hear the entirety of [the] proceeding" and that it is "difficult for them to consult with counsel during the hearing." Petitioner states that allowing him to be present would not have caused a delay in achieving permanency, the cost was not prohibitive, and that he filed a timely written motion

requesting transport. As such, petitioner avers that he should have been permitted to attend his dispositional hearing in person.

We cannot find that the circuit court abused its discretion in denying petitioner's motion to be transported to the dispositional hearing. Here, the circuit court considered the danger in transporting petitioner given the COVID-19 pandemic and determined that it would be safest to allow petitioner to appear via video conferencing. The circuit court attempted to mitigate any inconvenience to petitioner by permitting him to speak privately with his counsel via video conferencing, but petitioner declined that opportunity. Moreover, petitioner was able to testify during the hearing, and his counsel was permitted to cross-examine the DHHR's witnesses. Petitioner does not argue that he could not hear portions of the record, nor does he contend that he was unable to confer with or communicate with his counsel. Accordingly, we find that petitioner was not prejudiced or denied due process when the circuit court denied his motion to attend the dispositional hearing in person.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn